UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOMIS BASIN EQUINE MEDICAL CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANIFLAME, INC., et al., <br><br> Defendant. | Case No. 2:21-CV-01404-JAM-CSK (PS) <br><br> ORDER FOR JOINT SCHEDULING REPORT |

This action has been referred to Magistrate Judge Chi Soo Kim pursuant to Local Rule 302(c)(21) for pretrial proceedings. Defendants Rob Farber, Jules Jarc, and SaniFlame, Inc. answered Plaintiff Loomis Basin Equine Medical Center, Inc.'s First Amended Complaint. (ECF No. 30.) On July 22, 2022, the district judge granted Defendants' counsel's motion to withdraw as attorney of record and stayed the case for 30 days to provide Defendants with the opportunity to obtain replacement counsel. (ECF No. 34.) Because SaniFlame is a corporate entity, the district judge warned that if SaniFlame was unable to obtain counsel, default judgment would be entered against SaniFlame. *Id.* SaniFlame did not obtain counsel, and on April 1, 2024—almost two years later—the district judge directed that default be entered against SaniFlame. (ECF No. 37.) Judgment was entered against SaniFlame on that same day. (ECF No. 38.)

None of the remaining Defendants obtained counsel, and are proceeding pro se. *See* Docket. On April 8, 2024, in response to the Court's order to show cause why the case should not be dismissed for Plaintiff's failure to prosecute, Plaintiff informed the Court that Defendant Jules Jarc is deceased. (ECF No. 40.) On April 9, 2025, Plaintiff requested that the Court hold a scheduling conference and stated that Defendant Farber has not responded to Plaintiff's communications. (ECF No. 41.)

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED:

1. Plaintiff's request for a scheduling conference is GRANTED.
2. An initial pretrial scheduling conference shall be held in-person on Tuesday, May 20, 2025 at 10:00 a.m. in Courtroom 25.
3. The parties shall meet and confer regarding the filing of a Joint Status Report addressing the relevant portions of Local Rule 240(a) to facilitate the entry of a pretrial scheduling order.
4. In addition to the requirements of Local Rule 240(a), the parties shall also address the following in their Joint Status Report:
    a) The parties' estimated length of trial, and whether the case will be tried to a jury or to the bench;
    b) In the proposed schedule presented pursuant to Local Rule 240(a)(11), include proposed dates for the filing of a Joint Mid-Discovery Statement, which should occur at a mid-point during the fact discovery time period; and the final pretrial conference, which should occur at least four weeks before the proposed trial date. The parties' proposed trial date should occur approximately three months after the dispositive motion hearing deadline; and
    c) In the proposed schedule for expert disclosures presented pursuant to Local Rule 240(a)(11), include proposed dates for initial expert disclosures and rebuttal expert disclosures.

    d) It appears that almost no activity has occurred in this case since July 2022. *See* Docket. The parties are directed to provide the status of this case and detail what has occurred in the case since Plaintiff filed its declaration in April 2024 (ECF No. 40).

    e) The parties are also directed to provide an update as to Defendant Jules Jarc, whether substitution is appropriate under Federal Rule of Civil Procedure 25(a), or whether Defendant Jarc should be dismissed.

5. The parties shall submit their Joint Status Report one (1) week before the scheduling conference. If Plaintiff is unable to obtain a Joint Status Report, then Plaintiff must file a Plaintiff-only status report.

6. The parties are directed to Judge Kim's Civil Standing Orders, which are located on the Court's website at www.caed.uscourts.gov (select "Judges," then select Magistrate Judge Chi Soo Kim). The parties should take note of the page limits for civil motions and discovery joint statements. The parties are responsible for knowing and complying with the Court's standing orders.

7. The parties are further reminded of their continuing duty to notify the Court immediately of any settlement or other disposition. *See* Local Rule 160.

8. A review of the docket indicates that not all parties have submitted their consent/decline forms. The parties are not required to consent to the jurisdiction of a magistrate judge, but submitting the forms assists with effective case management.

Dated: April 18, 2025

*[signature: Chi Soo Kim]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, loom.1404.21