UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOMIS BASIN EQUINE MEDICAL CENTER, INC., | Case No. 2:21-cv-01404-JAM-CSK |
| Plaintiff, | |
| v. | ORDER RE: PLAINTIFF'S MOTION TO STRIKE |
| ROB FABER, | (ECF No. 59) |
| Defendant. | |

Pending before the Court is Plaintiff Loomis Basin Equine Medical Center Inc.'s motion to strike Defendant Rob Faber's answer and enter default. [1] (ECF No. 59.) Defendant is appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the December 16, 2025 hearing.  (ECF No. 60.)  For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to strike Defendant's answer and enter default.

I.    BACKGROUND

On January 12, 2022, Plaintiff Loomis Basin Equine Medical Center, Inc. filed a First Amended Complaint. (ECF No. 14.) On June 10, 2022, Defendant Rob Faber filed

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

an answer through counsel. (ECF No. 30.) On May 20, 2025, the parties held an initial scheduling conference, where counsel Blaze Van Dine appeared for Plaintiff and Defendant, now pro se, appeared telephonically. (ECF No. 48.) On May 29, 2025, the Court signed a pretrial scheduling order, that, among other things, required initial disclosures to be served by June 21, 2025. (ECF No. 51.) On July 24, 2025, pursuant to the parties' joint request, the Court set an informal telephonic discovery conference for July 30, 2025. (ECF No. 52.)

On July 28, 2025, Plaintiff filed a discovery letter brief. (ECF No. 53) The brief attested that Plaintiff served Defendant with Plaintiff's initial disclosures on June 20, 2025. *Id*. at 1. Plaintiff alleged Defendant had not responded with any initial disclosures and that Defendant had ceased contact with Plaintiff after a July 15, 2025 email regarding a telephonic discovery conference. *Id*. at 1-2. On July 30, 2025, the informal discovery conference was held, and Defendant did not appear. (ECF No. 55.) After the informal discovery conference, the Court issued a discovery order directing Defendant to provide initial disclosures to Plaintiff within 21 days of the order (on or by August 20, 2025). *Id*. The Court further warned that a failure to do so would lead to sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, and recommendations to enter default judgment…" *Id*.

On October 21, 2025, Plaintiff filed a joint mid-discovery statement. (ECF No. 57.) In the statement, Plaintiff states that Defendant failed to comply with the Court's July 30, 2025 order to provide initial disclosures. *Id*. at 2.

On October 31, 2025, Plaintiff filed a motion to strike Defendant's answer and enter default pursuant to Rule 37 of the Federal Rules of Civil Procedure with a hearing set for December 16, 2025. (ECF No. 59.) Defendant did not file an opposition to this motion. *See* Docket. On December 5, 2025, the Court vacated the December 16 hearing due to Defendant's non-response, providing Defendant until December 18, 2025 to submit an opposition or statement of non-opposition. (ECF No. 60.) As of the date of the

2

Court's order, Defendant has not filed a response to Plaintiff's motion. *See* Docket.

## II.   LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

"[A] party must, without awaiting a discovery request, provide to the other parties" its Initial Disclosures under Rule 26(a)(1)(A), disclosing the names of each individual likely to have discoverable information and the subjects of the information that the disclosing party may use to support its claims or defenses; a copy or description by category of all documents that the disclosing party may use to support its claims or defenses; a computation of each category of damages; and for inspection and copying any insurance agreement to satisfy all or part of a judgment. Fed. R. Civ. P. 26(a)(1)(A).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

Terminating or dismissal sanctions may be granted when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly

administration of justice." *Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006)* (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)) (internal quotation marks omitted). Courts consider the following factors in determining whether to issue dismissal sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Anheuser-Busch*, 69 F.3d at 348).

## III.   DISCUSSION

### A. Motion to Strike

Plaintiff Loomis Basin Equine Medical Center, Inc. moves to strike Defendant Rob Faber's answer and requests entry of default. When considering whether to grant a motion to strike a Defendant's answer, courts will consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon,* 464 F.3d at 958 (quoting *Anheuser-Busch*, 69 F.3d at 348); *see Excedis Corporation v. Bollman*, 2018 WL  5310409, at *1 (D. Nev. Sept. 11, 2018) (using the five factor test to strike a party's answer as a discovery sanction). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow…" *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Here, since Defendant violated the Court's discovery order by failing to provide initial disclosures within the required time period, the first and second factors favor sanctions while the fourth weighs against them. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

Plaintiff argues that the third factor weighs in favor of sanctions because they are

prejudiced "in the ability to obtain discovery and relief." Mot. to Strike Ans. at 3. The Ninth Circuit has held that a failure to produce documents is sufficient prejudice to the moving party. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). Therefore, the third factor weighs in favor of granting the motion.

Regarding the fifth factor, Plaintiff argues that "[t]he '[Court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives requirement.'" Mot to Strike Ans. at 3 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). While Plaintiff is correct that the Court could look to its July 30, 2025 order to satisfy consideration of alternatives, "[t]he law favors a lesser sanction before dismissal." *Banks ex rel. Banks v. Modesto City Schools Dist.*, 2006 WL 3734231, at *10 (E.D. Cal. Dec. 18, 2006).

The Court concludes that less drastic alternative sanctions are available to appropriately address Defendant's failure to obey the Court's discovery order and failure to participate in discovery. Instead, the Court orders that Defendant may not use the witnesses, documents, and information that would have otherwise been contained in his initial disclosures to supply evidence on a motion, hearing, or at a trial. *See* Fed. R. Civ. P. 37(c)(1). In addition to this sanction, the Court must award Plaintiff its reasonable expenses, including attorney's fees, as none of the exceptions are established here for Defendant's failure to obey the Court's discovery order and serve his initial disclosures, which were already overdue at the time of the Court's July 30, 2025 order. *See* Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff may still seek entry of default and move for default judgment where Defendant has stopped participating in the litigation. *See generally* Fed. R. Civ. P. 55.

### B.    Rule 37 Reasonable Expenses

Under Rule 37(b)(2)(C), "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(b)(2)(C). This is mandatory. *See id*. "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

Under Rule 37, awarding reasonable expenses is mandatory here as none of the exceptions are established and there is no justification, let alone substantial justification, for Defendant's failure to participate in discovery. *See* Fed. R. Civ. P. 37(b)(2)(C). Plaintiff made several good faith attempts to obtain discovery from Defendant over many months, and Defendant's discovery conduct necessitated court intervention. Before filing this motion, Plaintiff first attempted to resolve the dispute through the informal discovery conference process. Defendant failed to respond or attend the informal discovery conference with the Court. Defendant has also failed to even respond to Plaintiff's motion to strike, waiving any objection to the motion. Defendant has completely failed to meet his discovery obligations and participate in discovery.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff has not, however, provided information needed for the Court to determine the amount of expenses. The Court therefore orders Plaintiff to file and submit its reasonable expenses in making the motion, including attorney's fees, within fourteen

(14) days of this order. Plaintiff must include sufficient detail, including the number of hours spent in making the motion, counsel's hourly rate, counsel's experience, and the prevailing market rate in the relevant community for attorneys of comparable experience.

Defendant will be provided with the opportunity to respond to Plaintiff's submission on reasonable expenses. Defendant may file a response within fourteen (14) days after the filing of Plaintiff's submission, and a failure to timely respond by Defendant will be construed as a non-opposition to the award of reasonable expenses to Plaintiff under Rule 37(b)(2)(C).

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike Defendant's answer and enter default (ECF No. 59) is GRANTED IN PART and DENIED IN PART; and

2. Defendant Faber is precluded from presenting the witnesses, documents, and information that would have been contained in his initial disclosures to supply evidence on a motion, hearing, or at a trial; and

3. Within fourteen (14) days of this order, Plaintiff shall file and submit its reasonable expenses;

4. Defendant will have fourteen (14) days from the filing of Plaintiff's expenses to respond; and

5. A courtesy copy of this order will be provided to Defendant at his email address at rob.faber@yahoo.ca.

Dated:  March 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, loom.1404