UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOOMIS BASIN EQUINE MEDICAL CENTER, INC.,

Plaintiff,

v.

ROB FABER,

Defendant.

Case No. 2:21-cv-01404-JAM-CSK

ORDER GRANTING RULE 37 EXPENSES

(ECF Nos. 61, 62)

On March 13, 2026, the Court granted in part and denied in part Plaintiff Loomis Basine Equine Medical Center, Inc.'s motion to strike Defendant Rob Faber's answer and enter default.[1] (ECF No. 59.) Because Plaintiff had not provided the Court with sufficient information to determine the amount of expenses pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court ordered Plaintiff to file and submit its reasonable expenses, including attorney's fees. 3/13/2026 Order at 5-7 (ECF No. 61). Plaintiff has now done so. Pl. Expenses (ECF No. 62). Though Defendant was granted 14 days from the filing of Plaintiff's expenses to respond, Defendant did not respond to Plaintiff's filing. *See* Docket.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

## I. DISCUSSION[2]

As the Court has previously ordered, under Rule 37, awarding reasonable expenses in making the motion, including attorneys' fees, is mandatory here as the Court found no substantial justification for Defendant's failure to comply with the Court's July 30, 2025 discovery order and participate in discovery. *See* Fed. R. Civ. P. 37(b)(2)(C); 3/13/26 Order at 5.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks attorney's fees in the amount of $4,095 for an attorney from Sims, Lawrence & Broghammer for a total of 9.1 hours for its work in connection with preparing Plaintiff's motion to strike. Pl. Expenses at 1-2; Declaration of Blaze Van Dine at ¶¶ 1-5

---

2 Additional background on Plaintiff's motion for sanctions is provided in the Court's order. *See* 3/13/2026 Order.

(ECF No. 62-1). Plaintiff's fees are based on a $450 hourly rate for 9.1 hours by attorney Blaze Van Dine. *Id*.

The Court finds the 9.1 hours expended by Plaintiff's counsel to prepare the motion to strike was reasonable.

The Court turns next to Plaintiff's counsel's hourly rate. Plaintiff's counsel, Blaze Van Dine, is a senior associate at the law firm Sims, Lawrence & Broghammer, and has been a licensed attorney for almost twenty (20) years, with seventeen (17) years of experience in federal court. Van Dine Decl. ¶ 2. The Court finds that hourly rate of $450 for Mr. Van Dine to be reasonable and reflect the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013) (approving a partner hourly rate of $650).

Pursuant to Rule 37(b)(2)(C), the Court therefore orders Defendant to pay Plaintiff's reasonable expenses in the amount of $4,095, which represents 9.1 hours for Mr. Van Dine at a $450 hourly rate to Plaintiff within twenty-one (21) days from the date of this order.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff is awarded its reasonable expenses in connection with preparing Plaintiff's motion to strike in the amount of $4,095, which must be paid by Defendant Ron Faber within twenty-one (21) days of the date of this order; and

/ / /

/ / /

/ / /

2. Defendant shall simultaneously file a notice with the Court once payment is made.

Dated: August 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, loom.1404.21.o.san.attyfees